ASHOK V. SHAH, Plaintiff Below-Appellant,
v.
UNIVERSAL DELAWARE, INC., Defendant Below-Appellee.
No. 123, 2008.
Supreme Court of Delaware.
Submitted: May 5, 2008.
Decided: July 22, 2008.
Before HOLLAND, BERGER, and RIDGELY, Justices.

ORDER
RANDY J. HOLLAND, Justice
This 22nd day of July 2008, upon consideration of the appellant's opening brief and appellee's motion to dismiss or affirm, it appears to the Court that:
(1) The appellant, Ashok Shah, filed a complaint in the Superior Court alleging workplace discrimination. Arbitration was held in November 2007. Shah presented no evidence to support his claims, and the arbitrator entered an order in favor of appellee, Universal Delaware, Inc. on December 6, 2007. Shah did not file a demand for a trial de novo. Accordingly, on January 14, 2008, Universal filed a motion to have the arbitrator's order entered as a judgment of the court.
(2) Shah filed a response to Universal's motion. He offered no explanation for his failure to file a written demand for a trial de novo, as required by Superior Court Civil Rule 16.1(k)(11)(D).[1] The Superior Court held oral argument on Universal's motion and, again, Shah offered no explanation at that time for his failure to file a written demand for a trial de novo. Accordingly, the Superior Court granted Universal's motion and entered the arbitrator's order as a judgment of the court. Shah then appealed that judgment.
(3) Universal filed its present motion arguing that the appeal should be dismissed for Shah's failure to diligently prosecute the appeal. Universal contends that Shah's three-page opening brief does not comply, or even attempt to comply, with the Supreme Court rules for appellate briefing. Alternatively, Universal argues that the judgment below should be affirmed because it is manifest on the face of Shah's opening brief that the appeal is without merit. We agree with that contention. In the absence of any explanation why Shah failed to file a written demand for a trial de novo, the Superior Court committed no legal error in entering the arbitrator's order as a judgment of the court. We find the record sufficient to support the Superior Court's judgment and affirm on that basis. Accordingly, we do not address Universal's motion to dismiss.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Super. Ct. Civ. R. 16.1(k)(11)(D) provides that "[a] demand for a trial de novo is the sole remedy of any party in any action subject to arbitration under this Rule."